**WALKER DIE CASTING, INC.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent and Cross-Petitioner.**

No. 81–1194.

United States Court of Appeals, Sixth Circuit.

Argued June 15, 1982.

Decided July 8, 1982.

Rehearing and Rehearing En Banc Denied Nov. 29, 1982.

---

National Labor Relations Act (the Act). The Board's order directs the Company to, *inter alia*, cease and desist from its refusal to bargain with Local No. 259 of the Stove, Furnace and Allied Appliance Worker's Union of North America (the Union) and reinstate, with back pay, certain former employees of the Company.[1] The Board has cross-applied for enforcement of its order.

The Company is engaged in the manufacture of zinc and aluminum castings in Lewisburg, Tennessee and the Union has represented the employees at the Lewisburg facility since 1971. During early 1979 the Company requested that the Union engage in negotiations for the purpose of drafting a labor contract to replace the existing agreement which was to expire on August 18, 1979. Negotiations, however, did not commence until June 29, 1979, apparently because of the Union's failure to respond to the Company's request.

Thereafter, negotiating sessions occurred on several dates up to and including August 17, 1979. On that date the Union commenced a strike. On August 27, 1979 the Company directed a letter to the Union's president informing him as follows:

> The final proposal which was made to you and the members of your negotiating committee on August 17, 1979, was contingent on acceptance of that offer without a work stoppage.
>
> Since Local 259 elected to reject that offer and calls (sic) a strike on August 18, 1979, the Company's last offer is hereby withdrawn.

A petition to decertify the Union was filed on September 6, 1979. The Regional Director approved a stipulation for a consent election on October 2, 1979 and an election was held on October 19, 1979, resulting in a vote against the Union. The Union, however, filed objections to the election and subsequently the decertification petition was dismissed. The Company's request for review of the dismissal was denied without prejudice to the right of the Company to reinstate the request following resolution of the unfair labor practice charges here in issue.

William N. Ozier, Bass, Berry & Sims, Nashville, Tenn., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Howard Perlstein, Memphis, Tenn., for respondent and cross-petitioner.

Before KEITH, and KRUPANSKY, Circuit Judges and WEICK, Senior Circuit Judge.

## ORDER

This matter is before the Court on the petition of Walker Die Casting, Incorporated (the Company) to review and set aside an order of the National Labor Relations Board (the Board) finding that the Company engaged in numerous violations of the

1. 255 N.L.R.B. 34 (1981).

Thereafter, the Board concluded, the Company engaged in a series of unfair labor practices including, among others, threatening to "bust" the Union, threatening to close the plant, conducting surveillance of Union activities, discharging an employee for her Union involvement, unilaterally instituting an attendance bonus plan and establishing an employee committee and bargaining with that committee.[2]

Following the filing of the decertification petition, the Union, on September 7, 1979, submitted a contract proposal to the Company. The Company responded to this proposal on September 11, 1979 by stating that it would not schedule further bargaining sessions "until the [decertification] petition has been resolved".

It is undisputed, and the Board found, that the strike was an economic strike at its inception. However, the Board concluded that the Company's withdrawal of its contract offer on August 27, 1979 was a violation of § 8(a)(5) of the Act and, more importantly, that this violation "converted" the strike into an unfair labor practice on that date. Accordingly, the Board's order directs the Company to reinstate every striker who made an unconditional offer to return to work after August 27, 1979.

■ In support of its finding, the Board properly noted that this Circuit has previously held that "if an unfair labor practice is a 'contributing cause' of a strike, then, as a matter of law the strike must be considered as an unfair labor practice strike." *Larand Leisurelies, Inc. v. NLRB*, 523 F.2d 814, 820 (6th Cir. 1975). Where, as in the instant case, the strike was initially an economic strike, an unfair labor practice will convert the strike into an unfair labor practice strike if it prolongs the strike. *Rogers Manufacturing Co. v. NLRB*, 486 F.2d 644 (6th Cir. 1973), *cert. denied*, 416 U.S. 937, 94 S.Ct. 1937, 40 L.Ed.2d 288 (1974).

However, before the foregoing principles are applicable, substantial evidence must support the Board's finding that a "converting" unfair labor practice did, in fact, transpire. As previously indicated, the Board concluded that the Company's withdrawal of its final contract offer subsequent to the commencement of the strike constituted a refusal to bargain in violation of § 8(a)(5) of the Act.

■ This Circuit, however, has recently held that "an employer has a right to withdraw proposals made before a strike to reflect the changed economic background." *Pease Co. v. NLRB*, 666 F.2d 1044 (6th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 2238, 72 L.Ed.2d 848 (1982). The Company's withdrawal of its final contract offer in the instant case, like the employer's action in *Pease*, was simply a legitimate bargaining tactic which the Company was entitled to employ.[3] Therefor the Company did not commit an unfair labor practice on August 27, 1979 and, accordingly, of course, the strike was not converted to an unfair labor practice strike on that date.

■ However, as previously indicated, the Company notified the Union on June 11, 1979, that it flatly refused to bargain with the Union and justified this refusal by reference to the pendency of the decertification petition. The Board also found that this refusal to bargain constituted an unfair labor practice.

■ It is, as the Company urges, permissible for an employer to refuse to bargain with a Union under circumstances where the Company entertains a good faith doubt as to the Union's status of bargaining representative for a majority of employees. However, "the mere filing of a decertification petition is of itself insufficient justification" to support such a refusal. *Rogers Manufacturing Co., supra* at 647. Rather,

**2.** The Company did not object to the Board's finding regarding the establishment of the employee committee and thus the finding is not in dispute in this appeal.

**3.** To the extent the Board relies, in an effort to ascribe pernicious overtones to the August 27th withdrawal, on its finding that an August 16,

1979 memo from the Company to its employees constituted an unfair labor practice, that reliance is ill-fated. The August 16, 1979 memo contained "no threat of reprisal or force or promise of benefit" and accordingly, did not constitute a violation.

the employer must advance "evidence indicating that a good faith doubt was reasonably grounded." *Id.* The Company in the instant case failed to introduce such evidence. Moreover, by September 11, 1979 the Company had undertaken to engage in other unfair labor practices, including unilaterally raising starting wages and firing striking probationary employees. These actions on the part of the Company "cast a shadow on its allegations of good faith." *Id.*

The Court concludes that the Board's finding that the Company's refusal to bargain with the Union on and after September 11, 1979 was a violation of § 8(a)(5) is supported by substantial evidence. Moreover, this refusal obviously prolonged the strike, thereby converting it into an unfair labor practice strike on September 11, 1979. The remaining findings and conclusions of the Board are clearly supported by substantial evidence.

Accordingly, the Board's order as modified herein is hereby enforced.